IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 10-cv-01885-ZLW-MJW

NATHAN NICHOLS and
MELINDA NICHOLS, individuals,

    Plaintiffs,

v.

GOLDEN RULE INSURANCE COMPANY, an Indiana corporation,

    Defendant.

## ORDER

The matter before the Court is Plaintiffs' Motion To Remand (Doc. No. 9). The Court has reviewed the moving and responding papers and the applicable legal authority.

Plaintiffs argue that this action should be remanded because Defendant did not attach copies of the pleadings and papers filed in the prior federal court action to its notice of removal.[1] However, while Defendant was required to, and did, attach copies of all of the pleadings and papers filed in *state* court to its notice of removal, Defendant was not required to attach copies of the pleadings and papers filed in the prior *federal*

---

[1] Plaintiffs have withdrawn their contention that Defendant failed to attach copies of papers filed in the state court proceedings. See Reply In Support Of [Docket No. 9] Motion To Remand (Doc. No. 16) at 2 n.1.

court action to its notice of removal.[2]  This Court has access to all of the papers filed in the prior federal action.

Plaintiff also argues that Defendant's notice of removal filed in this case was untimely.  28 U.S.C. § 1446(b) provides, in pertinent part, that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

Defendant filed a notice of removal in the prior federal case asserting diversity jurisdiction based upon the allegation in Plaintiff's Complaint that Plaintiffs "reside" in Colorado.[3]  That case was remanded to state court on the basis that Defendant had not averred that Plaintiffs were *citizens* of the state of Colorado as required to establish diversity jurisdiction under 42 U.S.C. § 1332(a).[4]  Thus, the "case stated by the initial pleading" was not removable in that it did not reveal Plaintiffs' citizenship.  The first

---

[2] See D.C.COLO.L.CivR 81.1 ("The removing party shall promptly file with this court copies of all *state court* pleadings, motions, and other papers.") (emphasis added); 28 U.S.C. § 1446(a) (a defendant "desiring to remove any civil action or criminal prosecution from a State court shall file . . . a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such defendant or defendants in *such action*.") (emphasis added).

[3] See Case No. 10-cv-00331-PAB-KMT, Doc. No. 1 ¶7 and Doc. No. 1-2 ¶ 1.

[4] See id., Doc. No. 18.

"amended pleading, motion, order or other paper" served on Defendant which did unequivocally reveal Plaintiffs' citizenship was Plaintiffs' Reply To Defendant Golden Rule Insurance Company's Counterclaim, in which Plaintiffs admitted, for the first time, that they were citizens of Colorado.[5] That Reply was served on July 13, 2010. Defendant's Notice Of Removal was filed 24 days later, on August 6, 2010. The notice of removal thus was timely under 28 U.S.C. § 1446(b).

Accordingly, it is

ORDERED that Plaintiffs' Motion To Remand (Doc. No. 9) is denied.

DATED at Denver, Colorado this 10th day of November, 2010.

BY THE COURT:

*[signature: Zita Leeson Weinshienk]*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

---

[5] See Doc. No. 1-4 ¶ 2; see also Akin v. Ashland Chemical Co., 156 F.3d 1030, 1036 (10th Cir. 1998) ("We disagree with cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist. Rather, this court requires clear and unequivocal notice from the pleading itself, or a subsequent "other paper" such as an answer to interrogatory.") (footnote omitted). Domenico v. Veolia Transportation, Inc., 2010 WL 3516901 (D. Colo. Aug. 31, 2010), cited by Plaintiffs, did not address Akin's holding that there is no duty to investigate removability where the initial pleading is ambiguous. Further, the present case is distinguishable from Domenico in that the second removal notice in this case did not merely provide "evidentiary support for the argument that the previous remand order was incorrect," Domenico, 2010 WL 3516901 at *1 (quoting Adams v. Allstate Ins. Co., 2008 WL 4831425, *1 (D. Colo. Nov. 4, 2008)), but, rather, was triggered by a post-Complaint pleading served upon Defendant after remand in which Plaintiffs provided, for the first time, unequivocal notice of their Colorado citizenship.

3